[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 20, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 04-12989
Non-Argument Calendar

_____

BIA Nos. A95-225-990
& A95-225-991

PATRICIA DEL PILAR MEJIA-MONTOYA,
ARTURO PENA RAMIREZ,
JUAN SEBASTIAN PENJA MEJIA,
FREDY ARTURO PENA QUESADA,
MARIA PAULA PENA MEJIA,

                                                            Petitioners,

        versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(May 20, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS Circuit Judges.

PER CURIAM:

Petitioners Patricia Del Pilar Mejia-Montoya, Arturo Pena-Ramirez, and their three children, petition for review of the Board of Immigration Appeals ("BIA") order affirming the immigration judge's ("IJ") removal order and the denial of their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, 1231(b)(3). Substantial evidence supports the findings that Petitioners failed to establish eligibility for asylum or for withholding of removal under the INA; the petition is denied.[1]

When, as was the case here, the BIA adopts the IJ's opinion and summarily affirms the IJ's decision, the IJ's decision becomes the final removal order. Sepulveda v. U.S. Attorney General, 401 F.3d 1226, 1230 (11th Cir. 2005). We review the IJ's factual findings under the substantial evidence standard. Id. "Under this highly deferential standard of review, the IJ's decision can be reversed

---

[1] Before the IJ, Petitioners had sought relief also under the Convention Against Torture ("CAT"), but they failed to raise the denial of CAT relief before the BIA and only made a passing reference to it in their brief before this Court. We do not consider the denial of CAT relief. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) ("we lack jurisdiction to consider claims that have not been raised before the BIA"); see also Sepulveda v. U.S. Attorney General, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (issues on which only passing reference is made are deemed abandoned).

only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.,

quoting INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n.1 (1992).

Petitioners, natives and citizens of Columbia, claim they are "refugees" within the meaning of the INA, and, as such, the Attorney General has discretion to grant them asylum.  8 U.S.C. § 1158(a)(1),(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality ... who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. §1101(a)(42)(A).  The applicant bears the burden of showing refugee status, and the applicant's testimony, if credible, may be sufficient to sustain the burden of proof without corroborating evidence. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13.  If an application establishes refugee status, the decision to grant asylum is a matter of discretion.  Al Najjar, 257 F.3d at 1284.  The discretionary judgment of the Attorney General on whether asylum is granted "shall be conclusive unless manifestly contrary to the law and an abuse of discretion."  8 U.S.C. § 1252(b)(4)(D).  See Sepulveda, 401 F. 3d at 1231.

3

Petitioners tie their claim to refugee status to persecution based on political opinion. Mejia-Montoya and her husband were active members of a cooperative business organization and claim they were targeted by the FARC, a guerilla organization, because the cooperative encouraged members not to be intimidated by subversive groups. Petitioners received threatening and extortionate phone calls which they claim left them with no choice but to leave Columbia. At first, the children remained in Columbia with grandparents. Petitioners claim suspicious activity at the children's school in Columbia suggests that the FARC was still after them. Petitioners maintain that these circumstances show past persecution and a reasonable and well-founded fear of future persecution.

To establish eligibility for asylum based on political opinion, "the alien must, with credible evidence, establish (1) past persecution on account of her political opinion ... or (2) a 'well-founded fear' that her political opinion ... will cause future persecution." Sepulveda, 401 F.3d at 1230-31, citing 8 C.F.R. § 208.13(a)(b). "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (internal quotation and citation omitted). "[P]ersecution is an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation"; "mere harassment

4

does not amount to persecution." Sepulveda, 401 F.3d at 1231. The asylum applicant must provide some evidence, direct or circumstantial, to show that the persecutor's acts were on account of the political opinion. See INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992).

Petitioners argue that the FARC imputed a political opinion to them based on their membership in the cooperative business organization, although Petitioners profess no understanding about why the FARC perceived that membership to evidence a political viewpoint in opposition to the FARC ideology. The IJ concluded that Petitioners failed to show that the threatening phone calls made by the FARC were "on account of" an imputed political opinion. Substantial evidence supports the IJ's finding.

The evidence proffered by Petitioners suggests that the FARC targeted Petitioners as it targeted other business owners to require them to pay taxes if they had substantial assets. See Sanchez v. U.S. Attorney General, 392 F.3d 434, 438 (11th Cir. 2004) (concluded that evidence was consistent with finding that FARC harassed Sanchez because of refusal to cooperate, not because of an actual or imputed political opinion). A showing that the FARC harassed Petitioners because of their refusal to cooperate is insufficient to qualify for asylum or

5

withholding of removal.[2]  Id.; see Elias-Zecarias, 112 S.Ct. at 816 (concluding that persecution because of refusal to join forces with the guerillas is not persecution on account of a political opinion).

Substantial evidence also supports the IJ's conclusion that Petitioners' fear of future persecution is not well-founded.  The cooperative business organization continues to operate and Mejia-Montoya's father and brother, who remain in Columbia, are still members without, on this record, fear of persecuton by FARC.

Substantial evidence supports the conclusion that Petitioners failed to establish eligibility for asylum or withholding of removal.[3]  Accordingly, we deny their petition for review.

PETITION DENIED.

---

[2]An alien is entitled to withholding of removal upon showing that her "life or freedom would be threatened ... because of the alien's ... political opinion."  8 U.S.C. § 1231(b)(3)(A).  The applicant bears the burden of showing that it is "more likely than not" that persecution or torture will follow upon return to her country.  Sepulveda , 401 F.3d at 1232.  "Where an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation."  Al Najjar, 257 F.3d at 1292-93 (internal quotation and citation omitted).

[3]Petitioners requested that this Court consider new evidence about conditions in Columbia indicating that in-country relocation provides little protection to targets of threats by groups such as the FARC.  Our review, however, is limited to the administrative record.  See 8 U.S.C. § 1252(b)(4)(A).